**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   v.

                                                                **Case No. 97-CR-225**

**DERRICK DEWAYNE TURNER,**

        **Defendant.**

---

## DECISION AND ORDER

---

The Defendant, Derrick Dewayne Turner ("Turner"), filed a pro se motion to reduce his sentence relying upon retroactive amendment 706 to United States Sentencing Guidelines ("Guidelines") § 1D1.10, which lowered the base offense levels applicable to cocaine base ("crack") offenses, and 18 U.S.C. § 3582(c)(2).

Subsequently, court-appointed counsel filed a motion to reduce sentence seeking an order reducing the term of Turner's imprisonment from 360 months to 292 months of imprisonment on the grounds that the retroactive amendment changes the base offense level in Turner's presentence investigation report. Turner states that under the Guidelines at the time of his March 3, 1999,[1] sentencing, the Court determined that his base offense level was 36 and his criminal history category was II. The total offense level after enhancements for role in offense (3) and obstruction of justice (2) was 41. This resulted in a sentence range of 360

---

[1] The motion to reduce sentence states that the sentencing was March **4**, 1999. The Court has corrected the date.

months to life. Turner states that under the new crack Guidelines, his offense level is 39 with a criminal history score of II, and his new sentencing range is 292 to 365 months. Turner requests that the Court incorporate Turner's pro se motion including his progress reports in the motion filed by counsel.

The Court directed the Plaintiff, United States of America (the "United States"), to file a response. On September 5, 2008, the United States filed a response indicating that, while Turner is eligible for a sentence reduction, the Court should exercise its discretion and deny Turner's request for reduction based on his history and characteristics, and the concurrent need to protect the community.

Section 3582(c)(2) states:

> In the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered by the Sentencing Commission** pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

On December 14, 1998, this Court found Turner guilty of count one of conspiracy to possess, with intent to distribute in excess five kilograms of cocaine, cocaine base, and methamphetamine, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2 and count two of possession with intent to distribute cocaine and crack in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Turner was sentenced on March

2
Case 2:97-cr-00225-RTR   Filed 12/17/08   Page 2 of 3   Document 215

3, 1999. Under the Guidelines in effect as of the date of Turner's sentencing, the quantity of cocaine and crack placed Turner at an offense level of 36. That level, combined with other Guideline enhancements, placed Turner at a total offense level of 41. Turner's criminal history category was II. *See United States v. Turner*, 203 F.3d 1010, 1019 (7th Cir 2000). The Guideline imprisonment range was 360 months to life.

Under the amended Guidelines, Turner's offense level is 34. That level, combined with the other prior Guidelines enhancements, places Turner at a total offense of level 41. Turner's criminal history category remains II. The Court has considered the positions of the parties and concludes that it is appropriate to reduce Turner's sentence in light of the disparity of the sentence length given for crack offenses. The Court further concludes that the appropriate reduced sentence is 310 months. Therefore, the Court **GRANTS** Turner's motion to reduce sentence. Turner's previously imposed sentence of imprisonment of 360 months is reduced to 310 months. All other provisions of the sentence imposed on March 3, 1999, remain intact.

Dated at Milwaukee, Wisconsin this 17th day of December, 2008.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**